**PROCTOR et al. v. UNITED STATES.**

No.. 8627.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1938.

Frank Sparks, of Eastland, Tex., for appellants.

Frank F. Taylor and William P. Fonville, Asst. U. S. Attys., both of Fort Worth, Tex., for the United States.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellants were convicted of various offenses in violation of the Federal liquor laws and of conspiring to commit the substantive offenses charged. Error is assigned to the overruling of objections to certain questions asked two character witnesses on cross examination and to questions asked of a rebuttal witness. No other errors are assigned.

It appears that appellants took the stand in their own defense and in course of their testimony admitted having been previously convicted of similar offenses. They introduced two character witnesses, Dick Brown and Carl Martin, who testified, in substance, as to the length of time they had known appellants; that they had had dealings with them; that they had discussed their character with other named persons; and that their reputation for truth and veracity in Eastland County, where they lived, was good. On cross examination they were asked if they had ever heard of appellants being convicted of other offenses against the liquor law. They answered, in substance, that they had not but if that had been known to them they would still have faith in appellants. Appellants introduced other witnesses, who testified that their general reputation for truth and veracity was good and error is not assigned in connection with the testimony of these witnesses. In rebuttal, the Government introduced four witnesses who testified without objection that appellants' general reputation was bad. The government also introduced a witness, Walter Terrell, who testified, in substance, that he had been connected with the Alcohol Tax Unit for a little over two years; that he knew appellants, and knew where they lived; and that he knew as a result of his investigations of them that their reputation for truth and veracity in that community was bad. Appellants objected to only that part of his testimony based on his investigations.

It is apparent there was conflicting evidence before the jury, unobjected to, as to the reputation of the appellants for truth and veracity. The testimony objected to is merely cumulative. A character witness may be required to state the basis of his knowledge respecting the general reputation of a defendant. In that connection there is no good reason why he should not be asked whether he has heard of other offenses, which are admitted by the defendant. Certainly, the incidental reference to such offenses could not be prejudicial. It is immaterial whether the testimony is elicited by cross examination of defendant's witnesses or direct examination of rebuttal witnesses. The errors assigned are purely technical and go to the form rather than the substance of the questions objected to. The admission of the evidence did not prejudice appellants in any substantial rights. 28 U.S.C.A. § 391.

The record presents no reversible error. State v. Shull, 131 Or. 224, 282 P. 237, 71 A.L.R. 1498 and annotations thereto; Spalitto v. U. S., 8 Cir., 39 F.2d 782; 2 Wigmore on Evidence, 2d Ed., § 988; 3 Wharton's Criminal Evidence § 1310.

Affirmed.

HOLMES, Circuit Judge, concurs in the result.